

|  | **THE CITY OF NEW YORK** |  |
|---|:---:|---:|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **DANIEL PASSESER**<br>*Assistant Corporation Counsel*<br>Phone: (212) 356-2322<br>Fax: (212) 788-9776<br>Email: dpassese@law.nyc.gov |

November 27, 2013

BY ECF and FAX ((212) 805-7986)
The Honorable Paul G. Gardephe
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Angel Nieves v. Correction Officer Sinacore, et al.</u>,
               13 Civ. 4627 (PGG)

Your Honor:

        I am an Assistant Corporation Counsel in the Special Federal Litigation Division of the New York City Law Department representing defendants City of New York and Correction Officer Sinacore in the above-referenced case.[1] Pursuant to the Court's October 11, 2013 Order, defendants submit this letter in advance of the initial pretrial conference currently scheduled for December 5, 2013, at 10:00 a.m. Due to the fact that plaintiff is incarcerated and proceeding pro se, defendants were unable to contact plaintiff regarding this letter or a discovery plan pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and therefore this letter is submitted only on behalf of defendants.

---

[1] Upon information and belief, purported defendant Correction Officer Thompson has yet to be served. Additionally, the undersigned is continuing to attempt to reach former Deputy Warden Ramos regarding this matter but has thus far been unable to arrange representation with Deputy Warden Ramos.

1. <u>A brief statement of the nature of the action and the principal defenses thereto</u>

    A.    <u>Nature of the Action</u>

This is a claim for violations of civil rights brought pursuant to 42 U.S.C. § 1983 against the City of New York, Correction Officer Sinacore, Correction Officer Thompson, and Deputy Warden Ramos. Liberally construing plaintiff's allegations, the complaint may state claims for excessive force by Officer Sinacore and subsequent denial of medical treatment by Officer Thompson. Defendants' position is that the complaint fails to state any claim against former Deputy Warden Ramos, and defendants also deny that any force was used on plaintiff and further deny that he sustained any injury.

    B.    <u>Principal Defenses</u>:

i. The Prisoner Form Complaint fails to state a claim upon which relief can be granted.
ii. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States, the States of New York or any political subdivision thereof.
iii. To the extent any force was used, such force was reasonable, necessary, and justified.
iv. Plaintiff's claims may be barred, in whole or in part, because plaintiff failed to comply with all conditions precedent to suit.
v. Plaintiff may have failed to comply with New York General Municipal Law §§ 50-e, 50-i and/or 50-h.
vi. Some or all of plaintiff's claims may be barred by the Prison Litigation Reform Act.
vii. Defendant Correction Officer Sinacore has not violated any clearly established constitutional or statutory rights of which a reasonable person should have known and is therefore protected by qualified immunity.
viii. At all times relevant to the acts alleged in the complaint, defendants acted reasonably in the proper and lawful exercise of their discretion.
ix. Plaintiff provoked any incident.
x. Plaintiff has not stated a viable claim under <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).
xi. Punitive damages cannot be awarded against the City of New York.
xii. Plaintiff claims may be barred in whole or in part by the applicable statute of limitations.
xiii. At all times relevant to the acts alleged in the complaint, the duties and functions of the municipal defendant City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City has governmental immunity from liability.
xiv. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct or the culpable or negligent conduct of others and was not the proximate result of any act of defendants.

2. <u>Motions</u>

Upon information and belief, no motions have been made in this case, and with the exception of defendants' potential summary judgment motion after the close of fact discovery, none are currently contemplated.

3. <u>Settlement</u>

Plaintiff has not yet made a settlement demand. Defendants' position is that plaintiff was never assaulted and sustained no injuries, however defendants may be willing to consider a settlement to avoid litigation costs.

Thank you for your consideration in this regard.

Respectfully submitted,

/s/

Daniel Passeser
Assistant Corporation Counsel
Special Federal Litigation Division

cc: <u>VIA MAIL</u>
Angel Nieves
13-A-4789
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10564-5442